IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**DEMETRIUS L. SPRINGS,**

    **Plaintiff,**

vs.                                                                 Case No. 4:12cv136-SPM/CAS

**NURSE GRIFFIS, et al.,**

    **Defendants.**

    _____/

## REPORT AND RECOMMENDATION

    Plaintiff is a prisoner incarcerated in Raiford, Florida, at Union Correctional Institution. Plaintiff submitted a complaint titled as a "sworn affidavit" and designated as an emergency. Doc. 1. Plaintiff did not pay the filing fee, nor has Plaintiff submitted an *in forma pauperis* motion. Having reviewed the complaint to determine if these allegations do constitute an emergency, it is now apparent that Plaintiff did not submit an *in forma pauperis* motion because he is not entitled to proceed *in forma pauperis*. 28 U.S.C. § 1915(g).

    The Prison Litigation Reform Act of 1995 (PLRA), which was enacted on April 26, 1996, provides that a prisoner may not bring a civil action *in forma pauperis* under 28 U.S.C. § 1915:

> if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Plaintiff has had three or more prior prisoner actions dismissed in the federal courts or Florida on the grounds that they were frivolous, malicious, or failed to state a claim. In the Northern District of Florida, Plaintiff had case 5:08cv366 dismissed for failure to state a claim, case 5:09cv5 was dismissed as malicious, and case 5:09cv155 was dismissed as frivolous. Thereafter, case 1:10cv81 was dismissed based on 28 U.S.C. § 1915(g) and Plaintiff was advised that he could not proceed without full prepayment of the filing fee absent allegations that he met the "imminent danger" exception of § 1915(g). Just a year ago, case 3:11cv336 was dismissed in the Middle District of Florida, also under the three strikes provision. This history reveals that Plaintiff is well aware he cannot be granted *in forma pauperis* status because he has more than three cases dismissed for failure to state a claim, frivolous, or malicious.

Plaintiff's "complaint" here reveals that Plaintiff had been incarcerated at Florida State Prison, arriving there on February 4, 2009, and it is unknown when Plaintiff arrived at Union Correctional Institution, his current place of confinement. Doc. 1, p. 5. Plaintiff states that he has been unlawfully abused, but the Department of Corrections refuses to take corrective action. *Id.* Plaintiff fails to name any Defendant associated with any specific act of abuse. Furthermore, there are no assertions of specific incidents of violence or abuse on any specific date. *Id.*, at 5-6. There are no statements of fact which indicate whether any Defendant is located at Union Correctional Institution with Plaintiff, or whether Defendants are at Florida State Prison, nor are there allegations

which clarify whether Plaintiff believes he is in danger at F.S.P. or Union C.I. Plaintiff's allegations are insufficient to demonstrate that Plaintiff is in jeopardy of serious physical injury and, thus, Plaintiff's allegations do not bring him within the "imminent danger" exception.

Moreover, just as he did in the Middle District, Plaintiff has attempted to conceal his prior cases by not using a proper complaint form and not disclosing his prior litigation history. Prisoners must fully disclose all prior cases so that courts may properly determine a prisoner's entitlement to *in forma pauperis* status. Plaintiff's failure to make that disclosure provides another reason to dismiss this case.

Because Plaintiff has had at least three prior dismissals and is not under imminent danger of serious physical injury, this case should be dismissed. The dismissal should be without prejudice to Plaintiff making the same allegations in a complaint for which he pays the full $350.00 filing fee at the time of filing the complaint.

In light of the foregoing, it is respectfully **RECOMMENDED** that this action be **DISMISSED without prejudice** because Plaintiff did not pay the filing fee at the time of case initiation and Plaintiff is not entitled to be granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915(g), and it is further **RECOMMENDED** that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on April 3, 2012.

    S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.